

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| FRANTZ CADET, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Action No. 3:09-CR-44 |
| v. ) | Civil Action No. 3:12-CV-472 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Frantz Cadet's "Response to the Memorandum Order" (ECF No. 36). In his filing, Petitioner asks the Court to reconsider its Memorandum Order entered on July 19, 2011 ("Memorandum Order") (ECF No. 35), which dismissed as untimely filed Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion Under § 2255") (ECF No. 29). Petitioner sought a writ of mandamus from the Fourth Circuit, alleging this Court unduly delayed ruling on his "Response to the Memorandum Order." *In re Frantz Cadet*, No. 12-1188 (June 6, 2012). The Fourth Circuit denied the petition for writ of mandamus and directed this Court to "treat Cadet's 'Response to the Memorandum Order' as a motion to reconsider or a motion under Rule 60." *Id.* Cadet's "Response to the Memorandum Order" was filed within 28 days after entry of judgment in this case; therefore, the Court construes Cadet's filing as a Motion to Reconsider under Federal Rule of Civil Procedure

1

59(e) ("Motion to Reconsider"). For the reasons set forth herein, Petitioner's Motion to Reconsider is GRANTED and Petitioner's Motion Under § 2255 is DISMISSED.

## I. BACKGROUND

A jury convicted Petitioner of nine counts of mail fraud and one count of making false statements to a federal agent on July 30, 2009. This Court sentenced Petitioner on September 29, 2009, to twenty-four months imprisonment, followed by three years of supervised release. Petitioner did not file an appeal within the fourteen days provided to do so under Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Petitioner filed a Motion Under § 2255 on April 1, 2011. The Government moved to dismiss the Motion as untimely filed pursuant to the one-year time limit provided by § 2255(f) (ECF No. 32). Prior to dismissing Petitioner's Motion Under § 2255 as untimely, the Court warned Petitioner that his case was subject to dismissal as time-barred and provided him thirty days to respond and demonstrate that equitable tolling of the one-year time limit was warranted. Order, June 16, 2011, ECF No. 34 [hereinafter June Order] (providing notice as required by *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004) and *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002)). The Court received no response from Petitioner and dismissed the Motion Under § 2255 as untimely on July 19, 2011. Memorandum Opinion, July 19, 2011, ECF No. 35 [hereinafter Memorandum Opinion].

In response to the Memorandum Opinion, Petitioner filed his Motion to Reconsider indicating he placed a document entitled "Motion for Equitable Tolling" in the prison mailing system at Adams County Correctional Center on June 29, 2011. Petitioner enclosed the Motion for Equitable Tolling with his Motion to Reconsider and swore under penalty of

2

perjury that he originally placed the Motion for Equitable Tolling in the prison mailing system within the thirty days provided by the Court to make a showing of equitable tolling.

In his Motion for Equitable tolling, Petitioner indicates his late filing resulted from the fact that he did not know about potential relief available under § 2255 until an inmate arrived and made him aware of such relief. Upon learning this information, Petitioner states he diligently pursued the relief. Petitioner also contends extraordinary circumstances prevented his timely filing. Namely, he points to the limited availability of legal resources at the Adams County Correctional Center where he was housed, and the fact that he is not computer literate, as extraordinary circumstances justifying equitable tolling. The Court considers Petitioner's Motion to Reconsider and whether or not Petitioner made a showing of equitable tolling in turn.

## II. DISCUSSION

### a. Motion to Reconsider

#### i. Legal Standard

Without specific language in the actual text of the Rule, "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). This Court has previously indicated that reconsideration would be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel*

*Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). This Court has noted that "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Id.* Finally, although a clear error of law may be grounds for reconsideration, a plaintiff should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Id.*; *see also Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

### ii. Analysis

Petitioner asserts the Court should reconsider its Memorandum Order dismissing his Motion Under § 2255 because he timely mailed a response to the Court's June Order by placing his response in the prison mailing system on June 29, 2011. The so-called Prison Mailbox Rule provides that an inmate's document is deemed filed as of the date it is deposited in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The rule is one of "equal treatment; it seeks to ensure that imprisoned litigants are not disadvantaged by delays which other litigants might readily overcome." *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991). Petitioner declares under penalty of perjury that he deposited his response to the June Order in the prison mailing system on June 29, 2011. The Court assumes this to be true and deems Petitioner's filing timely in response to the Court's Order. In order to prevent manifest injustice and further the equitable goals of the Prison Mailbox Rule, the Court GRANTS Petitioner's Motion to Reconsider and

VACATES the Memorandum Order entered on July 19, 2011.[1] The "Motion for Equitable Tolling" is therefore considered a response to the Court's June Order.

### b. Motion Under § 2255

#### i. Legal Standard

Petitions for collateral relief pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See United States v. Clay*, 537 U.S. 522, 524–25, 532 (2003).

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir.

---

[1] The Memorandum Order granted the Government's Motion to Dismiss, dismissed Petitioner's Motion Under § 2255, and denied as moot Petitioner's Motion for Copy of Transcript. In light of vacating the Memorandum Order, the Court reconsiders all three motions.

2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill*, 277 F.3d at 704 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Sosa*, 364 F.3d at 512 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

### ii. Analysis

The Court entered its judgment in this case on September 29, 2009, sentencing Petitioner to twenty-four months imprisonment. Petitioner did not file an appeal, finalizing this Court's judgment when the fourteen day period to appeal passed. *See Clay*, 537 U.S. at 532; Fed. R. App. P. 4(b)(1)(A)(i). The opportunity to appeal the district court's judgment expired on October 13, 2009, requiring Petitioner to file his Motion Under § 2255 by October 13, 2010. 28 U.S.C. § 2255(f)(1). Petitioner did not file his Motion Under § 2255 until April 1, 2011. The Court will therefore only consider Petitioner's motion if he sets forth grounds justifying equitable tolling of the one-year time limit for filing a § 2255 petition.

Petitioner contends he is entitled to equitable tolling because he is not computer literate and was unable to complete research necessary to file a § 2255 motion. He indicates

he was unaware of § 2255 relief until another inmate arrived and told him about the possibility of filing such a motion. Once he learned of the remedy, Petitioner avers he diligently pursued relief. Petitioner offers five reasons, based on the availability of legal resources at the Adams County Correctional Center, supporting a finding of extraordinary circumstances preventing his timely filing: (1) limited access to the prison's law library, (2) unavailability of adequately trained staff, (3) unavailability of printed materials in the prison law library, (4) availability of only six computers for over 2500 inmates, and (5) the fact that Petitioner is computer illiterate.

The facts proffered by Petitioner do not create the rare instance where it would be unconscionable to enforce the limitation period. *See Sosa*, 364 F.3d at 512. Petitioner's contentions point to his ignorance of the law as a justification for equitable tolling. However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *Id.* (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003)). Ignorance of the law, therefore, is not sufficient to justify equitable tolling.

Petitioner's contentions also point, though not explicitly, to an inability to timely file his § 2255 motion due to the limited resources available at the Adams County Correctional Facility. Reliance on the difficulties inherent in prison life also is insufficient to demonstrate equitable tolling. *Studevant v. Clarke*, No. 1:11cv1242, 2012 WL 1901288 at *4 (E.D. Va. May 24, 2012); *see also Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (finding 60-day segregation without access to a law library, even coupled with reliance on a service falsely promising to prepare and file petitioner's habeas application, did not justify equitable tolling); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the

7

difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances."). Petitioner's reasons offered to justify equitable tolling consist of nothing more than the ordinary hardships of a *pro se* inmate filing for collateral relief. This, therefore, is not the rare case justifying a finding of equitable tolling and Petitioner's Motion Under § 2255 is dismissed as untimely filed.

### III. CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss is GRANTED. The Court therefore DISMISSES Petitioner's Motion under § 2255, and DENIES AS MOOT Petitioner's Motion for Copy of Transcript.

An appropriate Order will accompany this Memorandum Opinion.

It is SO ORDERED.

/s/
Henry E. Hudson
United States District Judge

Dated: Oct. 10, 2012
Richmond, Virginia

8